IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHURCH JOINT VENTURE, a Limited
Partnership, as Assignee of Farmers &
Merchants Bank, Adamsville, Tennessee,

v.                                        No. 13-1042

GRAPHIC ENHANCEMENT TECHNOLOGIES
CORP., EARL BENARD BLASINGAME and
MARGARET BLASINGAME,
_____

CHURCH JOINT VENTURE, a Limited
Partnership, as Assignee of J. P. Morgan
Chase & Co. f/d/b/a Chase Commercial
Corp.,

         Plaintiff,

                                          No. 13-2078

AQUA AIR AVIATION, INC., EARL BENARD
BLASINGAME, MARGARET BLASINGAME
and AQUA DYNAMICS GROUP CORP.,

         Defendants.
_____
                ORDER GRANTING DEFENDANTS' MOTIONS TO REMAND
_____

The captioned matters are before the Court pursuant to notices of removal filed on February 5, 2013 by Church Joint Venture, a limited partnership ("Church JV"), as assignee of Farmers & Merchants Bank, Adamsville, Tennessee and J.P. Morgan Chase & Co. f/d/b/a Chase Commercial Corporation. Defendants Earl Benard Blasingame and Margaret Blasingame (the "Movants" or the "Blasingames") have moved for remand of these consolidated cases to the Chancery Court for McNairy County, Tennessee. (No. 13-1042 D.E. 9, No. 13-2078 D.E. 11.)

According to the motions, the underlying state court complaint was filed in <u>Church Joint Venture v. Graphic Enhancement, *et al.*</u>, No. 13-1042 (W.D. Tenn.) (the "Farmers Action") on November 25, 1997 in the McNairy County Chancery Court. On November 2, 1998, a default judgment was entered against the Blasingames, Graphic Enhancement and another party in the amount of $2,771,003.73. The underlying state complaint in <u>Church Joint Venture v. Aqua Air Aviation, Inc., *et al.*</u>, No. 13-2078 (W.D. Tenn.) (the "Chase Action") was filed on June 2, 1995 in McNairy County Chancery Court. A consent judgment was entered therein against the Blasingames on January 22, 1996 in the amount of $2,076, 684.29 (the "Chase Judgment"). The Chase Judgment was sold to Church JV on or about April 22, 2008.

On August 15, 2008, the Blasingames filed a petition for relief under Chapter 7 of the Bankruptcy Code, which, at the time the motions were filed, was pending before the United States Bankruptcy Court for the Western District of Tennessee. On September 29, 2009, the Chapter 7 Trustee and Church JV filed a complaint in the bankruptcy court against the Blasingames objecting to their discharge. The Trustee and Church JV also sued Movants in their capacities as trustees and beneficiaries of the Blasingame Family Residence Generation Skipping Trust; the Blasingame Family Business Trust (the "Business Trust"); and as settlors of the Blasingame Trust, along with their two children; two corporations owned by their daughter, Katherine Blasingame Church, and/or other investors; two corporations owned by the Business Trust and a corporation previously owned in part by Mr. Blasingame (the trusts, corporations and children are referred to herein as the "Non-Debtor Defendants"). The Trustee and Church JV alleged that the Blasingames were the reverse alter-egos of the trusts and corporations and attempted to reverse pierce the corporate veil.

On February 22, 2011, the bankruptcy court entered an order granting summary judgment

2

in favor of the Trustee and Church JV and denying discharge pursuant to 11 U.S.C. § 727. In reliance on the denial of discharge, Church JV issued execution from the McNairy County Chancery Court in the Farmers and Chase Actions.

Following the bankruptcy court's grant of summary judgment against the Blasingames on the issue of discharge, the Non-Debtor Defendants moved to dismiss the remaining counts of the complaint asserted against the Movants and the Non-Debtor Defendants on the grounds that the court lacked subject matter jurisdiction over those claims. The bankruptcy court agreed and recommended to the district court that the remaining counts be dismissed. On November 5, 2012, the district court adopted the bankruptcy court's recommendation and remanded to the bankruptcy court for dismissal. On November 14, 2012, the bankruptcy court dismissed Church JV's claims against the Blasingames and the Non-Debtor Defendants for lack of subject matter jurisdiction and retained jurisdiction only over the objection to discharge claims. Two days later, Church JV refiled the dismissed claim against the Blasingames and the Non-Debtor Defendants in the federal district court for the Western District of Tennessee, Western Division -- Church Joint Venture v. Earl Benard Blasingame, *et al.*, No. 12-2999 (W.D. Tenn.).

On January 26, 2013, the Movants filed a motion for relief from final judgment pursuant to Rule 60(B)(2)(4) of the Tennessee Rules of Civil Procedure in McNairy County Chancery Court. Church JV removed the matter to this Court. The bankruptcy court, on February 1, 2013, entered an order provisionally granting relief from judgment which would have the effect of vacating its prior order granting summary judgment in favor of the Trustee and Church JV on the denial of discharge issues. The order was provisional in the sense that there were, at the time of filing, appeals pending before the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals

relative to the court's original entry of summary judgment. At the time the motions to remand were filed, the Bankruptcy Appellate Panel had not entered an order of remand to the bankruptcy court. On February 4, 2013, Church JV filed a notice of appeal from the bankruptcy court's order provisionally granting the Blasingames' motion.

The Movants argue that Church JV has no right to removal under 28 U.S.C. § 1441. In response, the Plaintiff advised that it in fact sought removal pursuant to 28 U.S.C. § 1452. Section 1452 governs removal of claims related to bankruptcy cases and provides that "[a] party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action" in a bankruptcy case. 28 U.S.C. § 1452(a). The burden of showing federal jurisdiction is borne by the removing party. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999); In re McKenzie, 471 B.R. 884, 895 (E.D. Tenn. 2012).

Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure contains the deadlines for timely removal of bankruptcy claims and causes of action. *See* In re Trans-Serv. Logistics, Inc., 304 B.R. 809, 811 (Bankr. S.D. Ohio 2004). The Rule provides that

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). The Rule is "explicit in its time constraints." Kuehn v. The Cadle Co., No. 5:04-CV-432-OC-10GRJ, 2006 WL 845085, at *4 (M.D. Fla. Mar. 30, 2006), *aff'd* 335 F. App'x 827 (11th Cir. 2009).

It is the position of the Blasingames that removal was untimely under Rule 9027(a)(2)(A)

4

and (B).¹  Under subsection (A), a bankruptcy filing constitutes an "order for relief."  *See* In re Laddusire, ___ B.R. ___, 2013 WL 3155475, at *2 (Bankr. W.D. Wis. June 20, 2013); Morris v. Unified Hous. Found., Inc., Civ. Action No. 3:12-CV-4923-O-BK, 2013 WL 1339245, at *2 (N.D. Tex. Feb. 15, 2013), *report & recommendation adopted by* 2013 WL 1338270 (N.D. Tex. Apr. 3, 2013); In re Babekov, Bankr. Nos. 1-07-43574-dem, 1-07-43573-dem, 2009 WL 1373597, at *2-3 (Bankr. E.D.N.Y. May 5, 2009); In re Evans, Bankr. No. 08-71204-CMS-07, 2009 WL 1065131, at *7 (Bankr. N.D. Ala. Mar. 27, 2009).  Thus, under Rule 9027(a)(2)(A), as the petition in this case was filed in August 2008, the notices of removal had to be filed by November 2008 in order to be timely.       A notice of removal is nonetheless timely if filed within thirty days after entry of an order terminating a stay if the claim or cause of action has been stayed pursuant to § 362 of the Bankruptcy Code.  Fed. R. Bankr. P. 9027(a)(2)(B).  The Blasingames contend that the automatic stay was lifted when the bankruptcy court denied discharge in its February 22, 2011 order.  The Movants cite to 11 U.S.C. § 362(c)(2)(C), which provides that the automatic stay "continues until the earliest of . . . (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 . . ., the time a discharge is granted or denied."  Church JV does not argue in response to the motion to remand that the bankruptcy court did not deny discharge or that the court's action did not result in a lifting of the stay.  Accordingly, it appears to the Court that, under Rule 9027(a)(2)(B), removal must have occurred by March 22, 2011.

As noted above, these matters were removed to this Court under 28 U.S.C. § 1452.

---

¹Because the Movants sought bankruptcy protection under Chapter 7, subsection (C) does not apply.  Fed. R. Bankr. P. 9027(a)(2)(C); Morris v. Unified Hous. Found., Inc., Civ. Action No. 3:12-CV-4923-O-BK, 2013 WL 1339245, at *2 (N.D. Tex. Feb. 15, 2013) (where relevant bankruptcy was filed under Chapter 7 rather than Chapter 11, Rule 9027(a)(2)(C) did not apply), *report & recommendation adopted by* 2013 WL 1338270 (N.D. Tex. Apr. 3, 2013).

However, pursuant to Rule 9027, in order to be timely, the removals must have occurred by March 22, 2011 at the latest. The notices of removal filed February 5, 2013 were, therefore, untimely. Remand is warranted and the motions for such relief are GRANTED. *See* Morris, 2013 WL 1339245, at *2 (where notice of removal was untimely, remand was appropriate).

    IT IS SO ORDERED this 29th day of July 2013.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE